UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6909 PA (JCx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Arthur Putt, et al. v. CBS Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Marea Woolrich | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Deborah R. Rosenthal | Alina E. Mooradian |
| Jennifer Alesio | Emily Cuatto |
| Daniel Blouin | Putter Bacalden |
| | Paul Landsord |

**Proceedings:** TELEPHONIC HEARING ON EMERGENCY MOTION TO REMAND

The Court conducts a telephonic hearing on the "Emergency Motion for Remand" filed by plaintiffs Arthur and Janet Putt ("Plaintiffs") (Docket No. 5). Plaintiffs seek remand of their action alleging claims for damages arising out of Arthur Putt's mesothelioma caused by his exposure to asbestos. Defendant Ford Motor Company ("Ford") filed a Notice of Removal on August 8, 2019, based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Ford is one of 16 defendants named in Plaintiff's Complaint. Ford states in its Notice of Removal that it removed the action on the same day that "Plaintiffs represented that they would not be pursuing relief against Pep Boys at trial, and so Ford and Plaintiffs are now the last remaining parties in the case." (Notice of Removal ¶ 6.) According to Ford, it could not remove the action while Plaintiffs claims against Pep Boys remained pending under the "local defendant" rule of 28 U.S.C. § 1441(b)(2) because Pep Boys has its principal place of business in California. Specifically, Ford asserts in its Notice of Removal that it "received record notice of the dismissal of Pep Boys—the diversity-creating event—on August 8, 2019, and filed this notice of removal the same day." (Id. ¶ 12.)

As explained in Plaintiffs' Emergency Motion, Plaintiffs filed their action in Los Angeles Superior Court on December 3, 2018. Due to Arthur Putt's advanced age and dire prognosis, Plaintiffs sought and obtained trial-setting preference. On July 25, 2019, Ford, Pep Boys, and Pneumo Abex attended a trial conference and remained as active trial defendants. Two other defendants had been dismissed, and the other ten defendants were in various stages of resolution, "with discussions sufficiently advanced to a stage where Plaintiffs and those defendants did not believe that proceeding into trial would be necessary or beneficial . . . ." (Docket No. 5 at 2:13-

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6909 PA (JCx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Arthur Putt, et al. v. CBS Corp., et al. | | |

15.) On August 5th and 6th, the Superior Court distributed juror questionnaires to a venire of approximately 100 potential jurors. Voir dire began on August 7, 2019, and continued through August 8, 2019, with both Pep Boys and Ford participating. Pnuemo Abex did not participate in jury selection but the Superior Court has not dismissed Plaintiffs' claims against that defendant. During a break in jury selection on August 8, 2019, Plaintiffs' counsel explained to the Superior Court that Plaintiffs claims against Pep Boys "are essentially settled." (Id., Ex. 5, 92:1-2.) According to the transcript of that exchange, Plaintiffs' counsel stated:

> There are some final pieces that need to be worked out in terms of payment details, et cetera, et cetera, but we have the — both the parties have agreed [that] Pep Boys doesn't need to participate as a result.
>
> We're not going to dismiss them obviously at this time because we don't have everything done and we're going to ask the court to retain jurisdiction and set an OSC [re] dismissal at some point down the road, typically two to three months. The procedure actually in Southern California has been that it be set in department 15 so that's it.

(Id. 92:2-13.) Plaintiffs contend that because Pep Boys had not been dismissed when Ford filed its Notice of Removal, Ford's removal is procedurally defective under 28 U.S.C. § 1441(b)(2) as an effort to remove an action in which a local defendant is involved. At the hearing on the Emergency Motion, Plaintiffs added that Ford's Notice of Removal is also procedurally defective under 28 U.S.C. § 1446(a) because none of the other defendants, that have been served with the Summons and Complaint, and with which Plaintiffs are engaged in settlement negotiations, including Pneumo Abex, joined in or consented to Ford's Notice of Removal and Ford failed to explain the absence in the Notice of Removal.

     Ford asserts in its Opposition to the Emergency Motion that its removal of the action was procedurally proper because Plaintiffs' announcement that it had "essentially settled" with Pep Boys constitutes a "discontinuance" of the claims against Pep Boys and that Plaintiffs "fail to appreciate that Pep Boys was dismissed in state court [on August 8, 2019]. Plaintiffs may not have intended that result, but by operation of California law, their decision to abandon their action against Pep Boys led to its dismissal." (Docket No. 9 at 4:5-8.) Ford contends that its removal was proper despite the absence of a formal dismissal of Pep Boys. During the hearing

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6909 PA (JCx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Arthur Putt, et al. v. CBS Corp., et al. | | |

on the Emergency Motion, Ford stated that the same analysis applied to the other served defendants who did not appear in the trial court.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      Even where the complete diversity requirement is met, removal is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). Additionally, all proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266.

      As explained in Price v. AMCO Ins. Co., Case No. CV 1:17-1053 DAD (SKO), 2017 WL 4511062, at *2-3 (E.D. Cal. Oct. 10, 2017), district courts disagree concerning the circumstances in which a settlement with a local or diversity-defeating defendant allows a non-settling defendant to remove what had been a non-removable action. The Ninth Circuit has adopted a "formalistic approach" to determining when the voluntary acts of a plaintiff allow for the removal of previously non-removable actions. See Self v. General Motors Corp., 588 F.2d 655, 658 (9th Cir. 1978). In Self, the Ninth Circuit concluded that even a final judgment in favor of the non-diverse defendant did not provide grounds for the diverse defendant to remove the action:

> In the instant case, a final judgment against Prior removed him from
> the proceedings. A final judgment is an order by the court and is

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6909 PA (JCx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Arthur Putt, et al. v. CBS Corp., et al. | | |

> classically a decision made on the merits of the case. The plaintiff, Smith, has neither dismissed nor discontinued the case against Prior, voluntarily or otherwise. We cannot distinguish the line of authority which established the voluntary-involuntary rule, and so we must reverse [the denial of a motion to remand].

Id. at 660. Here, Ford contends that Plaintiffs have voluntarily "discontinued" their claim against Pep Boys and the other defendants that did not consent to Ford's removal. Ford also asserts that Plaintiffs' claims against Pep Boys, Pneumo Abex, and the other served defendants are deemed dismissed by operation of law pursuant to California Civil Procedure Code section 581(d), which provides that "the court shall dismiss the complaint, or any cause of action asserted in it, in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it."

      The Court concludes that Ford's Notice of Removal was procedurally defective both because of the local defendant rule and Ford's failure to obtain the consent of the other served defendants or explain their absence in the Notice of Removal. Specifically, the Court concludes that Plaintiffs have not "discontinued" their claim against Pep Boys or any of the other defendants with whom they have entered settlement negotiations or that Plaintiffs have "abandoned" their claims against those defendants in a way that operates as a dismissal as a matter of law under California law. First, California Civil Procedure Code section 581(d) only requires dismissal "upon the trial and before the final submission of the case." California Civil Procedure Code section 581(a)(6) provides a definition of "trial":

> A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, than at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence.

Cal. Civ. Proc. Code § 581(a)(6). Because, at least based on the record presented, jury selection was still ongoing when Ford filed its Notice of Removal, no opening statement had occurred, no witness had been sworn, and no evidence introduced, section 581(d) had not been triggered because the "trial" had not started. Second, even if "trial" had commenced for purposes of section 581(d), the Court concludes that Plaintiffs' efforts to effectuate settlement, and their counsel's express statement that "[w]e're not going to dismiss them obviously at this time because we don't have everything done and we're going to ask the court to retain jurisdiction,"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6909 PA (JCx) | Date | August 9, 2019 |
|---|---|---|---|
| Title | Arthur Putt, et al. v. CBS Corp., et al. | | |

do not constitute "abandonment" for purposes of section 581(d). See <u>Kaufman & Broad Bldg. Co. v. City & Suburban Mortg. Co.</u>, 10 Cal. App. 3d 206, 212-13, 88 Cal. Rptr. 858, 861 (1970) ("The reported cases interpreting [California Civil Procedure Code section 581(d)] all proceeded on some affirmative action by the plaintiff in abandoning his cause of action. In other words, section [581(d)] has traditionally been a mechanism by which a plaintiff (and not the court) voluntarily dismissed an action which had been expressly and intentionally abandoned."). Plaintiffs have not voluntarily dismissed Pep Boys, Pneumo Abex, or the other served defendants. Because those defendants would have no obligation to pay Plaintiffs anything if those claims were dismissed with prejudice, as a dismissal under section 581(d) provides, to conclude that Plaintiffs' claims against those defendants are deemed dismissed with prejudice by operation of law could derail Plaintiffs efforts to settle their claims against those defendants. Such a holding would be inconsistent with "the strong public policy of [California] to encourage the voluntary settlement of litigation." <u>Osumi v. Sutton</u>, 151 Cal. App. 4th 1355, 1359, 60 Cal. Rptr. 3d 693 (2007). Third, for the same reasons, the Court concludes that Plaintiffs' claims against Pep Boys, Pneumo Abex, and the other served defendants that Plaintiffs have not formally dismissed, are not "discontinued" or "dismissed" under <u>Self</u>. Finally, Ford's "dismissed by operation of law" argument would constitute an involuntary act under <u>Self</u> and therefore could not either trigger a proper removal or excuse Ford's failure to obtain the consent of the remaining defendants to Ford's removal.

The Court therefore concludes that the Notice of Removal is procedurally defective. Because Plaintiffs' claims against Pep Boys remain pending, Ford's removal of the action violated the local defendant limitation on removal. See 28 U.S.C. § 1441(b)(2). Additionally, because Ford's Notice of Removal was not joined by the remaining served defendants, and the Notice of Removal did not explain their absence, Ford's removal is procedurally defective under 28 U.S.C. § 1446(a). See <u>Prize Frize</u>, 167 F.3d at 1266. Accordingly, this action is remanded to Los Angeles Superior Court, Case No. 18STCV06912, for failure to comply with the removal requirements of 28 U.S.C. §§ 1441(b)(2) & 1446(a). See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

| | : | 17 |
|---|---|---|
| Initials of Preparer | | KSS |